1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL JOSEPH DARROUGH,

11            Plaintiff,                          No. 2:12-cv-1814 EFB P

12        vs.

13   SACRAMENTO COUNTY SHERIFF, et al.,

14            Defendants.                         ORDER

15   _____/

16        Plaintiff is a county inmate proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal.

19   Local Rules, Appx. A, at (k)(4).  In addition to filing a complaint, plaintiff has filed an

20   application to proceed in forma pauperis and a request for appointment of counsel.

21   **I.      Request to Proceed In Forma Pauperis**

22        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   Dckt. No. 7.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

24   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

25   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26   § 1915(b)(1) and (2).

## II.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

2

**III.     Screening Order**

The court has reviewed plaintiff's complaint (Dckt. No. 1) pursuant to § 1915A and finds that it must be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff alleges that he is confined to the Sacramento County Jail.  He claims that defendants are discriminating against him because he is housed in protective custody.  Plaintiff attaches to his complaint a copy of his administrative appeal, in which he explains that he was placed in protective custody because he "dropp[ed] out of the gang."  Plaintiff claims that inmates in protective custody are not allowed to "earn time-off by going to school," but that other inmates, including those who are still in gangs, are afforded this educational opportunity.  Plaintiff seeks damages and injunctive relief.  As explained below, plaintiff's allegations are insufficient to state a cognizable claim for relief.

Inmates in protective segregation are not a suspect class and inmates have no constitutional right to educational or vocational opportunities during incarceration.  *See Allgood v. Morris*, 724 F.2d 1098, 1100 (4th Cir. 1984); *Wishon v. Gammon*, 978 F.2d 446, 449-450 (8th Cir. 1992).  Where the state provides educational or vocational opportunities to its prisoners, however, "it cannot deny equal access to such services to all prisoners absent a rational basis." *Wishon v. Gammon*, 978 F.2d 446, 449-450 (8th Cir. 1992).  To demonstrate an equal protection violation, plaintiff must allege facts showing that he "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Plaintiff claims that he and the other inmates in protective custody are treated the same because they cannot participate in educational programs.  He alleges that inmates who are not in protective custody can participate in such programs.  Plaintiff fails to state an equal protection claim because he pleads no facts to demonstrate that he is similarly situated to inmates who are

1  not in protective segregation.  *See Price v. Neotti*, No. C 09-2818 MMC (PR), 2009 U.S. Dist.

2  LEXIS 115719, at *2-5 (N.D. Cal. Nov. 6, 2009) (no equal protection violation where similarly

3  situated individuals are not being treated differently).

4          Moreover, there is a "substantial, rational basis in the legitimate state interest of prison

5  security" for treating inmates in protective custody differently than other inmates.  *See Allgood*,

6  724 F.2d at 1101.  According to the complaint, plaintiff was placed in protective custody and

7  separated from active gang members after he decided to leave the gang.  The resulting

8  restrictions on privileges are merely "a function of security and order" *See id.* at 1000-01

9  ("Protective segregation is offered to inmates for their safety, the safety of others in confinement,

10  and to insure institutional security and order.  To allow prisoners in protective segregation to

11  enjoy all of the same privileges to the same degree as those in the general population would

12  eviscerate the value of protective segregation."); *see also Overton v. Bazzetta*, 539 U.S. 126, 133

13  (2003) (recognizing prison security as "perhaps the most legitimate of penological goals").

14          Thus, plaintiff fails to allege facts showing that he has been intentionally treated

15  differently from others similarly situated and that there is no rational basis for the difference.

16  Here, the complaint must be dismissed without leave to amend.  *See Owens v. Ayers*, No. C 01-

17  3720 SI 2002 U.S. Dist. LEXIS 2312, at *10-11 (N.D. Cal. Jan. 14, 2002) (dismissing complaint,

18  without leave to amend, where complaint showed that plaintiff "was treated the same as all other

19  administrative segregation inmates," and that he "was not similarly situated to general

20  population inmates [because he had] documented enemies from whom he had to be protected and

21  segregated"); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court

22  should grant leave to amend even if no request to amend the pleading was made, unless it

23  determines that the pleading could not be cured by the allegation of other facts.").

**IV.      Request for Appointment of Counsel**

25          Plaintiff requests that the court appoint counsel.  District courts lack authority to require

26  counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

4

1   *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

2   attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

3   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

4   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

5   consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

6   his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

7   F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no

8   exceptional circumstances in this case.

9   **V.     Order**

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.  Plaintiff's request to proceed in forma pauperis (Dckt. No. 7) is granted.

12          2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

13   accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.

14          3. Plaintiff's motion for appointment of counsel (Dckt. No. 3) is denied.

15          4.  The complaint is dismissed for failure to state a claim and the Clerk is directed to

16   close this case.

17   DATED:  November 9, 2012.

18                                              EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26